FILED
2014 Apr-28  PM 03:13
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES, ex rel. JENNIFER BARRETT, QUANA BURPO, VICKY CLEMMONS, RANDI CREIGHTON, NADIA IVORY, VICKIE McNEELY and JOY URIBE, on behalf of THE UNITED STATES OF AMERICA,**<br><br>**Plaintiffs**<br><br>**vs.**<br><br>**BEAUTY BASICS, INC.,**<br>**Defendant** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION NO.  CV-13-1989-SLB**<br><br>**JURY TRIAL REQUESTED** |

## DEFENDANT BEAUTY BASICS, INC.'S INITIAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Ollie A. "Tres" Cleveland, III
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone:  (205) 254-1183
One of the Attorneys for Defendant
Beauty Basics, Inc.

OF COUNSEL:
Daniel R. Walworth
Edward M. Cramp
Teresa N. Cavenagh
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA  19103-4196
(215)-979-1194;
dwalworth@duanemorris.com

02891875.1

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY OF THE ARGUMENT ..............................1

BACKGROUND ......................................................................................3

LEGAL STANDARD...............................................................................6

ARGUMENT ........................................................................................8

I.    **THE CLAIMS AGAINST BEAUTY BASICS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER THE FCA AND FAILURE TO PLEAD FRAUD WITH SPECIFICITY** ............................................................................8

    A.    <u>**Relators' Complaint Should Be Dismissed for Failure to Plead a False Certification**</u>............................................. 10

    B.    <u>**Relators' Complaint Should Be Dismissed For Failure to Plead Scienter**</u>.............................................................. 15

    C.    <u>**Relators' FCA Claims Should Also Be Dismissed Because There Are No Facts Pled That Supply A Reasonable Indicia That False Claims Were Actually Submitted Or That False Statements Were Made To Get Claims Paid By The Government**</u>............................................................... 17

        1.    <u>Relators Have Failed To Plead Presentment With Any Specificity</u>.............................................................18

        2.    <u>Relators' Complaint Fails to Link Any Alleged False Statement to DOE's Decision to Pay</u>.......................................20

II.   **COUNT II SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UNDER FEDERAL OR ALABAMA LAW** ...........22

CONCLUSION ....................................................................................23

CERTIFICATE OF SERVICE...................................................................25

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)........................................................... Passim

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ............................................7

*Bell v. Dean,* 2010 U.S. Dist. LEXIS 43618 (M.D. Ala. May 4, 2010) ..................7

*Carter v. Countrywide Home Loans, Inc.,* 2010 U.S. Dist. LEXIS 115920
   (M.D. Ala. October 28, 2010) ..........................................................................22

*Corsello v. Lincare, Inc.,* 428 F.3d 1008 (11th Cir. 2005)..................................8, 18

*Fin. Sec. Assur., Inc. v. Stephens, Inc.,* 500 F.3d 1276 (11th Cir. 2007) ..................4

*Hopper v. Solvay Pharms., Inc.,* 588 F.3d 1318 (11th Cir. 2009) ................... Passim

*Klusmeier v. Bell Constructors, Inc.,* 469 Fed. Appx. 718, 2012 U.S. App.
   LEXIS 3370 (11th Cir. February 21, 2012)...........................................10, 12, 17

*United States ex rel. Atkins v. McInteer*, 470 F.3d 1350 (11th Cir. 2006)... 12, 15, 18

*United States ex rel. Clausen v. Lab. Corp. of Am.,* 290 F.3d 1301
   (11th Cir. 2002)............................................................................................. Passim

*United States ex rel. Cooper v. Blue Cross & Blue Shield of Fla.,* 19 F.3d
   562 (11th Cir. 1994)..............................................................................................8

*United States ex rel. Gillespie v. Kaplan Univ.,* 2013 U.S. Dist. LEXIS
   99093 (S.D. Fla. July 6, 2013) ........................................................................16

*United States ex rel. King v. Jackson County Hospital Corp.,* 2001 U.S. Dist.
   LEXIS 21706 (N.D. Fla. August 17, 2001).....................................................22

*United States ex rel. Mastej v. Health Management Assocs., Inc.,* 2013 U.S.
   Dist. LEXIS 37683 (M.D. Fla. March 19, 2013)........................................ 20-21

*United States ex rel. Phipps v. Comprehensive Community Dev. Corp.,* 152
   F. Supp. 2d 443 (S.D. N. Y. 2001) ..................................................................22

*United States ex rel. Sanchez v. Abuabara,* 2012 U.S. Dist. LEXIS 150708
   (S.D. Fla. October 19, 2012) .......................................................................8, 11

*United States ex rel. Walsh v. Eastman Kodak Company,* 98 F. Supp. 2d 141
(D. Mass. 2000) ................................................................23

*United States ex rel. Wilson v. Crestwood Healthcare, L.P.,* 2012 U.S. Dist.
LEXIS 69763 (N.D. Ala. May 18, 2012) ........................................6

*Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194 (11th Cir. 2001)..............................12

**Statutes**

31 U.S.C. § 3729 ....................................................................1

31 U.S.C. § 3729(a)(1)............................................................18

31 U.S.C. § 3729(a)(1)(A) ...................................................18, 20

31 U.S.C. § 3729(a)(1)(B) ...................................................18, 20-21

31 U.S.C. § 3729(a)(2)............................................................20

31 U.S.C. § 3729(b)(1)(A) .......................................................16

**Other Authorities**

Fed. R. Civ. P. 8............................................................ Passim

Fed. R. Civ. P. 9(b) ........................................................ Passim

Fed. R. Civ. P. 12(b)(6).................................................. 1, 6-7

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

Defendant, Beauty Basics, Inc. ("Beauty Basics") respectfully submits this Memorandum in support of its Motion to Dismiss with prejudice ("Motion"), pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b), the claims asserted by Plaintiffs/Relators ("Relators") in their Complaint.

The Relators, former students at the Aveda Institute in Birmingham, Alabama[1] ("AI-B"), purport to assert claims, brought on behalf of the United States, under the *qui tam* provisions of the False Claims Act, 31 U.S.C. § § 3729 *et seq.*, ("FCA") against Beauty Basics.[2] Relators' FCA claim is based on multiple suppositions and hypotheses, rather than fact, and hence should be dismissed.

Relators allege that AI-B failed to properly provide a licensed instructor and failed to timely supply grades to the Relators during some portion of 2013[3], and then failed to notify its accreditation agency of these alleged transgressions. Relators then leap to the conclusion that as a result of these alleged transgressions, Beauty Basics' accreditation should have been revoked. Relators then catapult to the contention that Beauty Basics filed a "false" Program Participation Agreement

---

[1]    Complaint ¶ 10.  The Aveda Institute at Birmingham is owned and operated by Beauty Basics. *Id.*

[2]    Although there is a reference to the FCA in the introductory paragraph of the Complaint, the actual claim asserted is for fraud, not a FCA violation.  Beauty Basics assumes, however, that Relators are attempting to assert a claim under a section of the FCA, although no specific FCA section is ever cited or referenced.  These fundamental pleading errors are an additional basis to dismiss the Complaint.

[3]    Complaint ¶ 15.

("PPA") stating it was accredited, based on Relators' theoretical contention that Beauty Basics' accreditation would have been revoked based on the alleged instructor and grading issues.  Relators then assert that the so-called "false" PPA purportedly gave rise to false claims.[4]

Relators' Complaint on its face, however, pleads that Beauty Basics was accredited by the National Accrediting Commission of Career Arts and Sciences ("NACCAS")[5] in 2012 and 2013, the very years at issue in the Complaint. Relators never plead, because they cannot, that Beauty Basics lost its accreditation. Based on Relators' own pleading, Beauty Basics was accredited during the relevant period.  Hence there was no false statement in the PPA.  Without a false statement made in the PPA, there is no false certification and hence no false claim. As such, Relators' Complaint should be dismissed.

In addition, Relators' Complaint is also subject to dismissal as it suffers from a plethora of incurable pleading deficiencies.  In addition to failing to plead a false certification, it also fails to plead other critical elements of a FCA claim, including scienter, causation and submission of any claim.  The Complaint also does not survive the Supreme Court's standards required for pleading a claim for

---

[4]    Complaint ¶¶ 17-18 and Relators' Background Memorandum and Statutory Disclosure Statements ¶ 3, attached as Affidavits to the Complaint.

[5]    Complaint ¶ 12.  In the Complaint, Relators repeatedly misname the accrediting agency as National Accrediting Commission of "Carter" Arts and Sciences".

relief.  Repeated unsupported conclusory allegations and hypothesis carry no weight.  The Complaint fails the basic pleading requirements of Fed. R. Civ. P. 8 and fails whatsoever to plead fraud with specificity, as required by Fed. R. Civ. P. 9(b).  Count II of Relators' Complaint for "Reimbursement" should also be dismissed as there is no such claim under federal or Alabama law and even if there were, Relators lack standing to assert it.  Accordingly, the Complaint should be dismissed with prejudice.

## BACKGROUND

Relators filed their *qui tam* FCA Complaint under seal on October 29, 2013.  A mere five weeks later, on December 6, 2013, the United States issued a Notice of Declination declining to intervene in Relators' Complaint. (D.E. 2).  On February 24, 2014, the Court issued an Order unsealing the Complaint and ordering it be served on Beauty Basics. (D.E. 3).

Although the Complaint cites to the FCA in its introductory paragraph, there are no other references to the FCA in the Complaint, no pleading in conformance with the FCA and the only substantive count pled in the Complaint is captioned "Fraud", and not a FCA claim.  The second count in the Complaint is captioned "Reimbursement", but appears simply to recite requested relief.  Count II should be dismissed as there is no statutory or common law claim for "reimbursement."

Sounding as a FCA claim, the Complaint alleges Relators bring the action: "to vindicate and protect the rights of the United States Government and its citizens and agencies to be free from improper and unlawful conduct constituting fraud against the United States of America, but not limited to the United States Department of Education, through a series or pattern of false and fraudulent conduct that intentionally took student aid funding under the Higher Education Act, Title IV through a series of false certifications in its Federal Program Participation Agreement."[6]  The PPA governs not only AI-B but also Aveda Institutes in nine other locations.[7]  The PPA is in effect from March 2009 through December 21, 2014, and was signed by Beauty Basics' CEO on March 5, 2009.[8]

Relators are seven disgruntled former students who enrolled in the AI-B esthiology program between 2012 and 2013.[9]  AI-B is owned and operated by Beauty Basics.[10]  The Complaint alleges without specifics that Relators "used"

---

[6]      Complaint ¶¶ 1 – 7.

[7]      This Court may consider the PPA without converting the Motion to a motion for summary judgment because Relators refer to and rely upon the PPA repeatedly throughout the Complaint and the PPA is "central" to Relators' claims. *See Fin. Sec. Assur., Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1284 (11th Cir. 2007).

[8]      Contrary to Relators' allegation in ¶ 17 of the Complaint, there is only a single PPA submitted and in effect between March 2009 and 2014.

[9]      Complaint ¶ 12.  Some of these same students filed similar common law claims against Beauty Basics in Jefferson County, Alabama which was later removed to this Court and then dismissed due to an arbitration provision in the agreement between the students and Beauty Basics.

[10]     *Id.*

federal financial aid through the Higher Education Act, Title IV ("HEA"), including grants and/or loans.[11]  The Complaint alleges that in order to qualify for HEA student financial aid, Beauty Basics had to be accredited by a regional accreditation authority.[12]  The Complaint alleges that in 2012 and 2013, Beauty Basics was accredited by NACCAS.[13]

The Complaint alleges, without any specificity, that beginning in December 2012 through July 2013, Beauty Basics failed to provide properly licensed instructors to teach classes enrolled in by Relators.[14]  It also alleges, without specificity, that Beauty Basics failed to give grades to Relators from October 2012 and/or December 2012 through July 2013.[15]  Without any specificity, the Complaint alleges that during this time period, Beauty Basics falsely certified to NACCAS that it was in compliance with NACCAS' standards.[16]

The Complaint then leaps to the conclusion that because Beauty Basics 'knew' it did not meet unspecified NACCAS' accreditation standards, its PPA, submitted in 2009, was "false", when it certified that it was accredited by NACCAS.[17]  The rationale for Relators' FCA claims is also set forth in the Background Memorandum and Statutory Disclosure Statements ("Disclosure

---

[11]     Complaint ¶ 11.
[12]     *Id.*
[13]     Complaint ¶ 12
[14]     Complaint ¶ 15
[15]     *Id.*
[16]     Complaint ¶ 16
[17]     Complaint ¶¶ 17-18

Statement"), attached as Affidavits to Relators' Complaint.  In seven Disclosure

Statements, Relators aver:

> It is my understanding that the accrediting board for
> Aveda was not notified of this {the alleged failure to
> have an instructor and failure to provide grades}, which
> would have caused Aveda to become unaccredited.  I am
> also aware that periodically Aveda has to notify the
> Federal Government that it is accredited by the National
> Accrediting Commission of Carter {sic} Arts and
> Sciences ("NACCAS").   It is my understanding that
> Aveda filed false forms stating that it was properly
> accredited when it was not.

The Complaint then alleges that Beauty Basics received funds from the HEA

program that it would not have received, but for its so-called false representations

in the PPA.[18]  Without any specificity, the Complaint alleges that every PPA

submitted by Beauty Basics from December 2011 through the date of the filing of

the Complaint was false and fraudulent and also alleges for the same period of

time, that all loans obtained by Beauty Basics through the HEA be returned to the

Department of Education ("DOE").[19]

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6), claims must be dismissed where the

allegations fail to state a valid claim for relief. *United States ex rel. Wilson v.*

*Crestwood Healthcare, L.P.,* 2012 U.S. Dist. LEXIS 69763 *9 (N.D. Ala. May 18,

---

[18]     Complaint ¶ 19.
[19]     Complaint ¶ 22.

2012).  Rule 12(b)(6) must be read together with Rule 8(a) which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*  To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to show the right to relief is plausible. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Although the Court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff, the complaint must do more than give a formulaic recitation of the elements of a cause of action or allege facts that merely give rise to a speculative right of relief. *Bell v. Dean,* 2010 U.S. Dist. LEXIS 43618 *5 (M.D. Ala. May 4, 2010) (citing *Bell Atlantic,* 550 U.S. at 555)).  A plaintiff cannot survive a Rule 12(b)(6) motion by relying on "labels and conclusions, "naked assertions" or "unadorned, the defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  In *Iqbal,* the Supreme Court concluded that "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because this is a *qui tam* action brought under the FCA, Relators must meet, not only the pleading requirements of Rule 8(a), but also the particularity requirement of Rule 9(b). *United States ex rel. Clausen v. Lab. Corp. of Am.,* 290 F.3d 1301, 1308-09 (11th Cir. 2002).  Rule 9(b) requires a party to state with

particularity the circumstances constituting fraud or mistake, including: "facts as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred and who engaged in them." *Id.* at 1310 (citing *United States ex rel. Cooper v. Blue Cross & Blue Shield of Fla.,* 19 F.3d 562, 567-68 (11th Cir. 1994)).  When 9(b) applies, pleadings generally cannot be based on information and belief. *Clausen,* 290 F.3d at 1310.

As set forth below, Relators' purported FCA claims fail to meet both the plausibility requirement of Rule 8 and the particularity requirement of Rule 9(b).

## ARGUMENT

## I.    THE CLAIMS AGAINST BEAUTY BASICS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER THE FCA AND FAILURE TO PLEAD FRAUD WITH SPECIFICITY

The essential elements of a FCA claim are a false statement submitted to the United States that is known to be false.  *Corsello v. Lincare, Inc.,* 428 F.3d 1008, 1012 (11th Cir. 2005).  Here, Relators have failed to assert any false statement submitted to the United States or that it was done knowingly.

Contrary to long-standing Eleventh Circuit law, Relators' purported FCA claim is built upon inference and speculation. *Hopper v. Solvay Pharms., Inc.,* 588 F.3d 1318, 1326 (11th Cir. 2009) (dismissing relators' FCA claims because they were based upon inference piled upon inference); *United States ex rel. Sanchez v. Abuabara,* 2012 U.S. Dist. LEXIS 150708 *18 (S.D. Fla. October 19, 2012) (In

dismissing FCA claims, the court declined to "follow relator's request to pile inference upon inference to arrive at the tenuous inference that defendants perpetrated a fraud.").

The sole premise of Relators' FCA claim is that had NACCAS known that some licensed instructor was not available to teach during some unspecified period of time in 2013 and that students had not received grades for some period of time in 2013, NACCAS would have revoked Beauty Basics' accreditation.  The premise then goes on to infer that the PPA filed by Beauty Basics in 2009 was false when it asserted that Beauty Basics was accredited because some alleged transgressions that were to take place in 2013 would have caused NACCAS to revoke Beauty Basics' accreditation, even though its accreditation has never been revoked.  The speculative nature of Relators' FCA claim cannot be understated.  There is simply no facial plausibility to Relators' claims and the FCA claim should be dismissed. *Iqbal,* 556 U.S. at 678.

Aside from the absurdity of its premise and failure to plead a false certification, Relators' FCA claim also should be dismissed because Relators also failed to plead facts showing other essential elements of a FCA claim, including scienter, causation, and presentment of a claim. Relators never attempt to plead any facts showing a knowing false certification.  Similarly, there are no facts pled showing any presentment or how a truthful certification of accreditation in 2009

wrongfully caused the issuance of grants and loans in 2012 and beyond.  There are also no facts pled regarding any defaulted loans or what grants were obtained.

Relators' Complaint utterly fails to comport with Fed. R. Civ. 8 and 9(b) and should be dismissed for failure to state a claim.

**A.    Relators' Complaint Should Be Dismissed for Failure to Plead a False Certification**

The essence of any FCA claim is the submission of a false claim or false certification. *Clausen,* 290 F.3d at 1311.  Here, Relators' Complaint is utterly devoid of any facts showing a false claim or certification made to the United States.  The only alleged false statement or certification claimed by Relators is the one stated in Beauty Basics' PPA, that Beauty Basics was accredited by the NACCAS.[20]  The Complaint on its face, however, avers that in 2012 and 2013, Beauty Basics was accredited by the NACCAS.[21]  There is no dispute that Beauty Basics was accredited in 2009 when it submitted its PPA and there is no dispute that it is still accredited.  In the absence of any false certification or statement to the United States or its agencies, there is no FCA violation and no FCA claim. *Klusmeier v. Bell Constructors, Inc.,* 469 Fed. Appx. 718, 721, 2012 U.S. App. LEXIS 3370 *9 (11th Cir. February 21, 2012) (mere speculation of contract violations and the later submission of invoices does not give rise to a FCA claim).

---

[20]      Complaint ¶¶ 17-18 and Disclosure Statements appended to the Complaint.

[21]      Complaint ¶ 12.

Relators' speculation that had the NACCAS known of Beauty Basics' alleged failure to have a properly licensed instructor and alleged failure to timely submit grades to students, it would have revoked Beauty Basics' accreditation is specious.  It implies that accreditation is immediately revoked upon the occurrence of such infractions.  It is not.  Revocation of accreditation is a complex administrative fact finding process.  Moreover, nothing is pled in the Complaint that suggests that revocation of accreditation is immediate based upon these types of alleged infractions.  Without such pleading, there is no basis for the Court to make any such inference.  As pled, Relators' FCA claim would require the Court and finders of fact to speculate that the NACCAS would have immediately revoked Beauty Basic's accreditation had such conduct occurred.  Such rampant speculation and inference built upon inference is impermissible and cannot be the basis for an FCA claim. *Hopper,* 588 F.3d at 1326; *Abuabara,* 2012 U.S. Dist. LEXIS 150708, *18.

As noted, Relators' entire claim is based on a single alleged "false" certification, i.e., that Beauty Basics was accredited by the NACCAS.  It makes no allegations of other violations of the HEA or DOE requirements, regulations or policies.  The Complaint makes no allegations of other alleged false statements in Beauty Basic's PPA.  Because Relators specifically aver that Beauty Basics was

accredited by NACCAS in 2012 and 2013, the operative time period for the Complaint, there is plainly no false certification and hence no FCA violation.

Relators' allegations that Beauty Basics failed to comply with NACCAS' policies and guidelines does not give rise to a FCA violation. Courts in the Eleventh Circuit and elsewhere have repeatedly concluded that the FCA does not create liability merely for disregard of regulations or improper internal policies, unless as a result of those acts the defendant asks the government to pay amounts it does not owe. *Klusmeier,* 469 Fed. Appx. at 721; *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006); *Clausen,* 290 F.3d at 1311. Relators have not pled, because they cannot, that the absence of a licensed instructor or the late provision of grades would have resulted in the immediate revocation of Beauty Basics' accreditation.

Aside being wrong on their face, speculative and insupportable, Relators' false certification claims should also be dismissed for failure to plead fraud with specificity. In the Eleventh Circuit, to satisfy Rule 9(b), a FCA claim must allege: (1) what statements were made in what documents; (2) the time and place of each statement; (3) the person responsible for making the statements; (4) the content of such statements and how they misled; and (5) what defendants obtained as a consequence of the fraud. *Clausen,* 290 F. 3d at 1309 (citing, *Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, 1202 (11th Cir. 2001)).

Relators' Complaint provides no detail regarding the alleged false submissions made either to the Department of Education ("DOE") or to the NACCAS.  As to the PPA submitted to DOE which would be the operative document for a FCA claim, the Complaint simply states a PPA is submitted periodically to DOE which stated that Beauty Basics met NACCAS' standards.[22] It does not provide dates of submission, who made the submission, and what NACCAS standards were not met.[23]

As to the so-called fraud perpetrated against NACCAS, which Relators aver was the "first step in a two part fraud"[24] to obtain HEA funds, the Complaint merely avers that "during this time period [December 2012 – July 2013] Defendant falsely certified in written reports to NACCAS that it was in compliance with NACCAS' standards." [25]  This does not satisfy the standard enunciated in *Clausen*. The reports are not identified, no specificity is provided as to when these unidentified reports were submitted and who submitted them and no detail is noted as to what standards were or were not met.

---

[22]    Complaint ¶ 17

[23]    Relators' Disclosure Statements are even more vague and lack all specificity.  Relators simply aver that periodically AI-B notifies the federal government that it is accredited by NACCAS.  No other details are provided.  In fact, NACCAS accreditation is the only certification in the PPA regarding NACCAS.  The PPA does not mention or certify meeting NACCAS standards.

[24]    Complaint ¶ 17
[25]    Complaint ¶ 16

Equally vague and lacking specificity is Relators' pleading regarding the so-called infractions that purportedly give rise to accreditation problems.  The single paragraph in the Complaint addressing the issue provides:

> Beginning in approximately December of 2012 through July 2013, Defendant failed to provide properly licensed instructors to teach classes enrolled in by Relators.  Upon information and belief, this was occurring in both the Esthiology and Cosmetology sections.   No teacher whatsoever was provided in early 2013 through in some cases, July 2013.  In addition, Defendant failed to give grades to Relators from October and/or December of 2012 through July 2013.   Despite this, Defendant provided no information to NACCAS regarding the violations which would render it unaccredited by NACCAS.[26]

This too fails to satisfy the *Clausen* specificity standard as it fails to identify the classes for which there were no properly licensed instructors and how the lack of grades for a short period of time would result in an accreditation problem.  It is also pled on information and belief which does not satisfy Rule 9(b). *Clausen,* 290 F.3d at 1310.  Because Relators were former students they should have no problem pleading specifics regarding classes and grades.

The Eleventh Circuit has emphasized the importance of the Rule 9(b) specificity requirement.

> Requiring relators to plead FCA claims with particularity is especially important in light of the quasi-criminal

---

[26]     Complaint ¶ 15.

> nature of FCA violations (i.e., a violator is liable for
> treble damages).   Rule 9(b) ensures that the relator's
> strong financial incentive to bring an FCA claim – the
> possibility of recovering between fifteen and thirty
> percent of a treble damages award- does not precipitate
> the filing of frivolous suits.

*McInteer*, 470 F.3d at 1360.  Here too, Relators have pled frivolous claims based

solely on supposition and inference, likely lured by  dreams of treble damages.

Relators must, however, plead facts showing false certifications were made which

caused the government to pay funds which it would not have paid.  Relators cannot

plead such facts and their FCA claims should be dismissed.

### B. <u>Relators' Complaint Should Be Dismissed For Failure to Plead Scienter</u>

To state a claim under the FCA, Relators must also allege facts that Beauty

Basics knew it was falsely certifying that it was accredited by the NACCAS.

Although the requirement for pleading scienter is less rigorous than that which

applies to allegations regarding the circumstances constituting fraud[27], nothing in

the Federal Rules of Civil Procedure relieves a plaintiff of the obligation to set

forth facts from which an inference of scienter could be drawn. *See Iqbal,* 566 U.S.

at 686.  In *Iqbal,* the Supreme Court compared the difference between Rule 9(b)

and Rule 8, but noted that the use of the term "generally" in Rule 8 is a relative

term. *Id..*  It explained that Rule 8 does not "empower a [plaintiff] to plead the bare

---

[27]    Rule 9(b) states that "malice, intent, knowledge, and other conditions of the mind of a
person may be averred generally."

elements of a cause of action, affix the label general allegation and expect the complaint to survive a motion to dismiss." *Id.* at 687.  Under *Iqbal,* a complaint must plead sufficient factual content to allow a court to draw a reasonable inference that a defendant is liable for the misconduct. *Id.* at 678.

The scienter requirement is critical to the operation of the FCA.  The knowing element of the FCA was meant to preclude punishing honest mistakes or incorrect claims submitted through mere negligence.  It was meant to reach the situation where an individual has buried his head in the sand and failed to make basic inquiries which would alert him that false claims are being submitted. *United States ex rel. Gillespie v. Kaplan Univ.,* 2013 U.S. Dist. LEXIS 99093 *18 (S.D. Fla. July 6, 2013).  The FCA defines knowing as having actual knowledge of the information, or acting in either deliberate ignorance or reckless disregard of the truth or falsity of the information. 31 U.S.C. § 3729(b)(1)(A).

Here, there are no facts pled which give rise to any inference that a false certification was knowingly made.  In 2009 when the PPA was submitted, Beauty Basics was accredited by the NACCAS.  Hence there was no false certification, let alone a knowing false certification.  The Complaint is bereft of any facts that Beauty Basics' accreditation was ever revoked.  It is equally bereft of any facts that show that person who signed the PPA had any knowledge of the  alleged unlicensed instructor or the alleged late submission of grades or that these

transgressions would result in Beauty Basics' accreditation being revoked.  In sum, the Complaint lacks any facts whatsoever that there were knowing false certifications of accreditation.  Accordingly, the Complaint should be dismissed.

C.   **Relators' FCA Claims Should Also Be Dismissed Because There Are No Facts Pled That Supply A Reasonable Indicia That False Claims Were Actually Submitted Or That False Statements Were Made To Get Claims Paid By The Government**

It is difficult to defend against Relators' claims due to Relators' failure to actually plead a FCA violation.  Instead of pleading counts under the FCA, Relators instead captioned and pled their counts as Fraud and Reimbursement. Nowhere in Relators' Complaint do they allege which sections of the FCA they contend were violated by Beauty Basics.  Not only do Relators not allege what sections of the FCA were violated, they also fail to plead the basic elements for a violation of any section of the FCA.

For this reason alone, Relators' Complaint should be dismissed as it violates both Rules 8 and 9(b).  None of the facts pled in the Complaint provides a plausible inference of any presentment of any claim or a plausible inference that false statements were made to get funds from the government. *Iqbal,* 556 U.S. at 683.  Moreover, the Complaint's total lack of specificity does not in any way alert Beauty Basics to the precise misconduct with which it is charged nor protect it from spurious charges. *Klusmeier,* 469 F. Appx. at 720.

Based on the Complaint's generic allegations and counsel's familiarity with the various sections of the FCA, Beauty Basics assumes that Relators are pleading claims under either § 3729(a)(1)(A) or § 3729(a)(1)(B) of the FCA. As set forth below, Relators have failed to plead essential elements of both sections.

1.   Relators Have Failed To Plead Presentment With Any Specificity

To the extent that Relators are asserting FCA claims pursuant to 31 U.S.C § 3729(a)(1)(A)[28], it has long been held in the Eleventh Circuit that a relator is obligated to plead with specificity the facts regarding presentment of the claims to the government. *McInteer,* 470 F.3d at 1359 (Court upheld the complaint's dismissal finding relator failed to provide the next link in the FCA liability chain showing that the defendants actually submitted reimbursement claims for the services described in the complaint); *Corsello,* 428 F.3d at 1014 (Court upheld dismissal of FCA claims against medical equipment companies engaged in alleged kickback and referral schemes because the complaint failed to allege that any fraudulent claims were submitted); *Clausen,* 290 F.3d at 1313 (In case alleging unnecessary medical testing, court concluded that the Complaint failed to provide any information linking the testing schemes to the submission of actual false claims). In *Hopper,* in a case involving an off-label marketing scheme, the

---

[28]     Prior to 2009, this section of the FCA was codified at 31 U.S.C. § 3729(a)(1).

Eleventh Circuit again concluded that the complaint failed to plead that any false claims were actually submitted. 588 F.3d at 1326.  Because the *Hopper* complaint failed to identify any physician who wrote an off-label prescription or any pharmacy who filled such a prescription, the Eleventh Circuit noted that the complaint piled inference upon inference to suggest that Solvay's marketing campaign influenced some unknown third parties to file false claims. *Id.*

Here too, Relators' Complaint makes no attempt to plead any facts showing presentment.  In paragraph 19 of the Complaint, Relators plead that Beauty Basics did receive funds from the HEA program that it would not have received but for its false representations.  The Complaint, however, is utterly devoid of any attempt to link any loan or grant application to any specific false certification.

In paragraph 22 of the Complaint, Relators plead that during the period that stretched from December 2011[29] to the present, every certification submitted by the Defendant to the DOE was false and fraudulent.   No specificity is pled regarding what the false certifications were, who made them, in what documents they were made and how they were false.  More significantly, Relators again never link any false certification to any particular loan.  Relators admit that the total amount of

---

[29]      Since there is no conduct alleged in the Complaint addressing accreditation before July 2012, there appears to be no absolutely basis for Relators' contention of false certifications starting in December 2011.

loans obtained by Beauty Basics[30] is unknown, thereby demonstrating Relators'
failure to link alleged false certifications to any loan.

As such, to the extent Relators assert claims under section 3729(a)(1)(A) of
the FCA, their claims fail due to the lack of any facts showing presentment.

      2.    <u>Relators' Complaint Fails to Link Any Alleged False Statement
to DOE's Decision to Pay</u>

To the extent Relators assert claims under section 3729(a)(1)(B),[31] they also
fail for a myriad of reasons.  To assert a claim under § 3729(a)(1)(B), Relators
must plead facts showing: (1) a defendant made a false record or statement for the
purpose of getting a false claim paid or approved; and (2) the defendant's false
record or statement caused the government to actually pay a false claim, either to
the defendant itself or to a third party. *United States ex rel. Mastej v. Health
Management Assocs., Inc.,* 2013 U.S. Dist. LEXIS 37683 *31 (M.D. Fla. March
19, 2013).  This section of the FCA "imposes liability for false statements that
actually cause the government to pay amounts it does not owe." *Hopper,* 588 F.3d
at 1327.

First, as set forth previously, Relators have failed to plead any false
certifications, let alone false certifications with any specificity.  Any certification

---

[30]    This pleading demonstrates Realtors lack of knowledge regarding the loan process as the
loans are obtained by the students though the school, not by the school.

[31]    Prior to 2009, this section of the FCA was codified at 31 U.S. C. §3729(a)(2)

by Beauty Basics that it was accredited by NACCAS was true.  Relators'
Complaint never links the alleged instructor and grading issue to any loss of
accreditation.  Nothing is pled showing that the alleged infractions would have
resulted in an immediate loss of accreditation.  Relators' Complaint also never
pleads any alleged false certifications which caused any particular payments to be
made by the government.

In addition, Relators never specifically plead any payments by the
government.  In *Mastej,* the court dismissed relator's complaint because relator
failed to plead any actual payment by the government with the requisite specificity.
2013 U.S. Dist. LEXIS 37683 at * 33.

Further there are no allegations of loss suffered by the government.  As the
Eleventh Circuit noted in *Hopper,* if the government has not paid funds it does not
owe, it has suffered no loss. 588 F.3d at 1328.  "To impose liability in such a case
would do nothing to protect the government from loss due to fraud, and it would
extend liability beyond the natural, ordinary and reasonable consequences of a
defendant's conduct." *Id.* at 1328-29.

In the absence of any allegations that Beauty Basics made a false statement
that caused the government to pay a false claim, there is no claim under
§3729(a)(1)(B) of the FCA.

## II.   COUNT II SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UNDER FEDERAL OR ALABAMA LAW

Count II of the Complaint is captioned "Reimbursement".  On its face, it appears to simply allege the relief Relators seek on behalf of the United States and themselves, coupled with a single factual allegation that Beauty Basics engaged in a practice of falsely obtaining loans from DOE and the United States.[32]

There is no claim for reimbursement under either federal or Alabama law. In *Carter v. Countrywide Home Loans, Inc.,* 2010 U.S. Dist. LEXIS 115920 (M.D. Ala. October 28, 2010), Judge Albritton dismissed a claim for overreaching filed by plaintiffs against Countrywide because there was no claim for overreaching under Alabama law.  The same principle should apply here.

Further, even if there were a claim for reimbursement under Alabama law, Relators filed the Complaint on behalf of the United States under the *qui tam* provisions of the FCA.  Only claims under the FCA may be brought by relators on behalf of the United States, not other common law claims. *See United States ex rel. King v. Jackson County Hospital Corp.,* 2001 U.S. Dist. LEXIS 21706, *33 (N.D. Fla. August 17, 2001) (dismissing unjust enrichment claim because relator has no right to bring such claim on behalf of the United States); *United States ex rel. Phipps v. Comprehensive Community Dev. Corp.,* 152 F. Supp. 2d 443, 452 (S.D.

---

[32]    Complaint ¶¶ 23 - 26

N. Y. 2001) *(court dismissed common law claims against defendants because the FCA does not give relators the right to bring common law claims on behalf of the United States); United States ex rel. Walsh v. Eastman Kodak Company,* 98 F. Supp. 2d 141, 149 (D. Mass. 2000) (Relator lacks standing to bring common law claims on behalf of the United States).  Relators have no standing to bring common law claims on behalf of the United States.

Accordingly Count II of Relators' Complaint should be dismissed.

## CONCLUSION

Relators have failed to state a claim for relief under the FCA.  Relators' FCA claim fails because on its face, Relators' Complaint reveals there has been no false certification in its PPA regarding its accreditation.  Without a false certification, there is no FCA claim.  Relators' contention that the accrediting body would have revoked Beauty Basics' accreditation had it known of the alleged transgressions is based on supposition and hypothesis, not facts.  Eleventh Circuit law mandates dismissal of FCA claims based upon inference built on inference.

Relators' FCA claims are also subject to dismissal because they have failed to plead facts showing scienter, submission or presentation of any claim and failed to plead any link between any alleged false statement and DOE's decision to permit Beauty Basics to participate in the HEA loan program.

Count II of Relators' Complaint must be dismissed because there is no claim for reimbursement and Relators do not have standing to bring such a claim even if it did exist.

For all these reasons, Beauty Basics respectfully requests that this Court grant its Motion and dismiss Relators' Complaint with prejudice.

Respectfully submitted,

/s/ Ollie A. "Tres" Cleveland, III
Ollie A. "Tres" Cleveland, III
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone:  (205) 254-1183
One of the Attorneys for Defendant
Beauty Basics, Inc.

OF COUNSEL:
Daniel R. Walworth
Edward M. Cramp
Teresa N. Cavenagh
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA  19103-4196
(215)-979-1194;
dwalworth@duanemorris.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Defendant Beauty Basics, Inc.'s Initial Brief in Support of Its Motion To Dismiss Plaintiff's Complaint has been filed pursuant to the electronic filing requirements of the United States District Court for the Northern District of Alabama, which provides for service on counsel of record in accordance with the electronic filing protocols in place on this 28th day of April, 2014.


<u>/s/ Ollie A. "Tres" Cleveland, III</u>