

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES, ex rel.** ) | |
| **JENNIFER BARRETT, QUANA** ) | |
| **BURPO, VICKY CLEMMONS,** ) | |
| **RANDI CREIGHTON, NADIA** ) | |
| **IVORY, VICKIE McNEELY and** ) | |
| **JOY URIBE, on behalf of THE** ) | |
| **UNITED STATES OF AMERICA,** ) | **CASE NO. 2:13-CV-1989-SLB** |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **BEAUTY BASICS, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

<u>**MEMORANDUM OPINION**</u>

This case is before the court on Defendant Beauty Basics, Inc.'s Motion to Dismiss

Plaintiffs' Amended Complaint. (Doc. 20.)[1] Upon consideration of the motion, the

supporting and opposing memoranda, arguments of counsel and the relevant law, the

court finds, for the reasons stated below, that defendant's Motion is due to be granted,

and the Complaint is due to be dismissed with leave for plaintiffs (hereafter "plaintiffs" or

"relators") to file a motion to amend their complaint.

---

[1] Reference to a document number, ("Doc. ___"), references to the number assigned
each document as it is filed in the court's record.

**STANDARD OF REVIEW**

A complaint is required to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When a plaintiff alleges fraud or mistake, the complaint must "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. To survive a 12(b)(6) motion, the complaint "does not need detailed factual allegations"; however, the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations and footnote omitted). The plaintiff need not prove his case, but must plead "enough facts to state a claim to relief that is *plausible* on its face." *Id.* at 570 (emphasis added).

Additionally, "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th

Cir. 1993)). Further, all "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, "'[u]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.'" *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Therefore, though the court must accept all factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation omitted).

## FACTUAL BACKGROUND

Relators are former students of the Aveda Institute, an entity wholly owned by defendant Beauty Basics, Inc., who enrolled at various times from 2012 to 2013. (Doc. 19 ¶ 10.) In order to qualify for Higher Education Act Title IV student financial aid, institutions must meet be accredited by a regional accreditation authority. (*Id.* ¶ 11.) Defendant was accredited by the National Accrediting Commission of Career Arts and Sciences ("NACCAS") during 2012 and 2013, and "[t]his accreditation was used by [d]efendant to obtain Higher Education Act Title IV student financial aid funds," which each relator received while enrolled. (*Id.* ¶¶ 11-12.) Specifically, relators received loans and/or Pell Grants on the following dates and in the following amounts:

1. Vicky McNeely, 2/13/13 ($7,000)
2. Joy Uribe, 5/1/13 ($4,000) ($3,051.66)
3. Jennifer Barrett, 1/16/13 ($7,000)
4. Randi Creighton, 6/21/13 ($4,000) ($3,000) ($4,100)

5. Quanda Burpo, 12/12/12 ($3,559.98) ($6,442.54)
6. Nadia Ivory, 1/1/12 ($4,512.78)
7. Vicky Clemmons, 11/28/12 ($7,000).

(*Id.* ¶ 11.) Between late 2012 and summer of 2013, relators were not provided grades or "properly licensed instructors," both of which, relators allege, are required by NACCAS. (*Id.* ¶¶ 13-15.) Although "NACCAS requires that [defendant] notify it within ten [] days of any event that may jeopardize its continued operation as a licensed accredited school including any cessation of teaching," defendant did not provide NACCAS with any information regarding violations of NACCAS's standards or policies. (*Id.* ¶¶ 14-15.)

According to plaintiffs, defendant's "misrepresentations and non-compliance with NACCAS standards are the first step in a two[-]part fraud by [d]efendants to obtain Higher Education Act Title IV funds." (*Id.* ¶ 16.) Defendant engaged in the second step of this two-part fraud by representing to the United States Department of Education that it met NACCAS standards "with full knowledge that [it] did not meet the requirements for accreditation under NACCAS standards." (*Id.*) Additionally, plaintiffs contend that "[a]t the time each loan [was] submitted for payment by the Government[,] [d]efendant failed to disclose that it was not in compliance with NACCAS standards which would have effected its eligibility for payment." Relators allege that had defendant not engaged in this "two[-]part fraud," defendant would not have received funds from the Title IV, Higher Education Act program. (*Id.* ¶¶ 16, 18.) Once again, plaintiffs fail to invoke the False Claims Act ("FCA"), 31 U.S.C.

4

§ 3729 et seq., in Count I, but assert that the FCA gives this court jurisdiction to hear their claim. (*See id.* ¶ 9.)

## ANALYSIS

In its second Motion to Dismiss, defendant argues that plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted because it "fails the basic pleading requirements of Fed. R. Civ. P. 8 and fails . . . to plead fraud with specificity, as required by Fed. R. Civ. P. 9(b)." (Doc. 21 at 6.) Additionally, defendant argues that, to the extent plaintiffs attempt to assert claims under the FCA,[2] the Amended Complaint fails to state claims under 31 U.S.C. §§ 3729(a)(1)(A) and (B). (*Id.* at 22.)

First, defendant contends that plaintiffs' Amended Complaint should be dismissed because it fails to plead a false certification with specificity. (Doc. 21 at 13.) As set forth in the court's previous Memorandum Opinion addressing defendant's first Motion to Dismiss, to comply with Rule 9(b), a complaint must allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

---

[2] Plaintiffs' only count in their Amended Complaint is for "Fraud." (Doc. 19.) Plaintiffs clarify, however, in their opposition to the Motion to Dismiss that their claims arise from 31 U.S.C. §§ 3729(a)(1)(A) and (B). (Doc. 23 at 2 n.1.) This clarification in the opposition is insufficient. Any Amended Complaint must specify the specific statutory sections under which plaintiffs' claims arise.

5

*U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) (citation omitted). Despite plaintiffs' repeated assertions in the Amended Complaint that defendant falsely "certified to the United States government that it met the standards and policies set by NACCAS . . . with the intent of receiving federal funds," plaintiffs do not provide any details about any one of these alleged certifications. (*See* Doc. 19 ¶¶ 16-17, 20-21.) Specifically, plaintiffs fail to state which individual submitted the certifications, what that individual certified, or when the certifications were sent to the government. Simply stating that defendant certified that it met NACCAS standards and policies does not provide the necessary specificity. Additionally, plaintiffs failed to allege that certification is a prerequisite to defendant obtaining funds from the government, which is required by the Eleventh Circuit. *See Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1052 (11th Cir. 2015) ("After all, mere regulatory violations do not give rise to a viable FCA action; instead, it is the false *certification* of compliance which creates liability when certification is a prerequisite to obtaining a government benefit.") (internal quotations and alterations omitted) (emphasis in original).

Defendant also points out that plaintiffs fail to provide specific information about the alleged violations defendant committed by not providing properly licensed instructors or grades. (Doc. 21 at 15.) Defendant contends that relators, as former students at the Aveda Institute, should be able to provide specific information about these violations, such as which

classes lacked properly licensed instructors. Given Rule 9(b)'s specificity requirement, more detailed information about the alleged violations should be provided.

Although plaintiffs have failed to allege any express false certification with specificity, plaintiffs attempt to save their Amended Complaint by arguing that it also alleges an implied false certification. (Doc. 23 at 9.) Plaintiffs cite *United States ex rel. Capriola v. Brightstar Educ. Group, Inc.*, 2013 WL 1499319 (E.D. Cal. Apr. 11, 2013), for its explanation of express and implied false certification:

> First, the court can find liability where there is an express false certification. An express false certification is present simply when an entity seeking payment certifies compliance with a law, rule or regulation as part of the process through which the claim for payment is submitted. *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998. (9th Cir.2010). In contrast, implied false certification occurs when an entity has previously undertaken to expressly comply with a law, rule or regulation, and that obligation is implicated by submitting a claim for payment even though a renewed certification of compliance is not required in the process of submitting the claim. *Id.* The submission of a claim for payment acts as an implicit reaffirmation of compliance. In either situation it is the false certification of compliance which creates liability when that certification is a prerequisite to obtaining the government benefit. *Id.*

*Id.* at *4. In arguing that defendant impliedly made false certifications, plaintiffs reference the paragraph in their Amended Complaint providing the name of the relators who received loans or Pell Grants, the amounts received, and the dates on which the money was received. (Doc. 23 at 8.) Plaintiffs further state that the "Amended Complaint clearly states that every time [d]efendant applied for the HEA loans listed in ¶ 11 of the Amended Complaint, . . .

[d]efendant submitted false certifications to the Federal Government in a successful attempt to acquire Federal funds." (*Id.*)

Plaintiffs' argument presents three problems. First, plaintiffs have not stated with particularity the facts surrounding any loan applications. Plaintiffs provided the dates relators received loans and Pell Grants and the amounts received, (Doc. 19 ¶ 11), but this information sheds no light on when defendant applied for those loans and Pell Grants, which individual(s) submitted the loan applications, the documents containing the loan applications, or the substance of those documents.

Second, stating that defendant requested loans does not show how defendant made a false statement. Plaintiffs "ask the Court to speculate or infer that infractions of NACCAS policies and guidelines made Beauty Basics and its students ineligible to receive federal funding and aid" without providing the necessary facts to allow the court to make that inference. (Doc. 24 at 6.) While plaintiffs allege that defendant failed to notify NACCAS within ten days of the violations, plaintiffs have not identified any statute, regulation, rule, or contract governing the consequences of defendant's alleged violations of the NACCAS standards and policies. "Making false statements to an accreditation agency does not expose a school to liability under [the FCA] unless the statements were essential to the school having received (or maintained) its accreditation." *Urquilla-Diaz*, 780 F.3d at 1056. If a violation of NACCAS standards and policies does not necessarily result in defendant's ineligibility to receive funds from the government, then defendant's act of requesting money from the

government would not constitute the presentation of "claims for payment that the violator knows the government does not owe." *McNutt ex rel. U.S. v. Haleyville Med. Supplies, Inc.*, 423 F.3d 1256, 1256 (11th Cir. 2005). Therefore, more specificity is required demonstrating how violations of NACCAS standards and policies render claims submitted to the government or statements made to the government false or fraudulent.

Third, plaintiffs have not identified an initial express affirmation of compliance with any particular rules or regulations. The *Capriola* court explained that "submitting a claim for payment even though a renewed certification of compliance is not required in the process of submitting the claim" may constitute implied false certification when the certifying entity previously undertook to expressly comply with a statute, regulation, or rule. *Capriola*, 2013 WL 1499319, at *4. Plaintiffs have not identified an express affirmation of compliance undertaken by defendant, such that subsequent loan applications could constitute reaffirmations of a previous certification.

Defendant next argues that plaintiffs failed to allege scienter. (Doc. 21 at 19.) Both sections of the FCA under which plaintiff's fraud claim purportedly arises require proof of knowledge. *See* 31 U.S.C. § 3729(a)(1)(A), (B). Plaintiffs' allegations of scienter are equally as conclusory as the remaining allegations asserting false certifications, but plaintiffs contend nothing more is required because Rule 9(b) provides that "malice, intent, knowledge, and other conditions of the mind of a person may be alleged generally." Fed. R. Civ. P. 9(b). While the pleading requirements for scienter are relaxed, plaintiff's Amended Complaint

9

must still satisfy the pleadings requirements of Rule 8, as set forth in *Ashcroft v. Iqbal*. *See* 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotations omitted). Plaintiffs' Amended Complaint states that "with full knowledge that [it] did not meet the requirements for accreditation under NACCAS standards, [defendant] then represented to the United States Department of Education that it met NACCAS standards." (Doc. 19 ¶ 16.) This is exactly the type of "[t]hreadbare recital[] of the elements of a cause of action" that *Iqbal* prohibits. 556 U.S. at 678.

Relators' complaint must contain some facts creating an inference that the individual(s) who submitted the alleged false certifications to the government did so with knowledge of their falsity. *See United States ex rel. Pilecki-Simko v. Chubb Inst.*, 443 F. App'x 754, 760-61 (3d Cir. 2011) ("[C]onclusory allegations that 'Chubb knows that this claim . . . is false because Chubb knows its students are not eligible under the Title IV program due to Chubb's violations of the HEA incentive compensation ban'. . . are not sufficient facts to state a plausible claim to relief as they do not allow us to 'draw the reasonable inference' that TCI was liable for the misconduct alleged, which required knowledge that the claims were false."). Any future amended complaint must plead scienter in compliance with Rule 8 and must plead all remaining elements of the FCA sections on which plaintiffs rely with the specificity required by *Clausen* and *Urquilla-Diaz*.

Finally, defendant opposes plaintiff's request for an opportunity to amend, stating that plaintiffs have already amended their Complaint once, and plaintiffs failed to set forth the substance of their proposed amended complaint in their opposition to the Motion to Dismiss. *See Long v. Saltz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (stating that "[f]iling a motion is the proper method to request leave to amend a complaint" and that such a motion "should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment"). Nevertheless, the court will permit plaintiffs to file a motion to amend by July 1, 2015 that includes an attached, stand-alone Amended Complaint addressing the deficiencies identified in this Memorandum Opinion.

## CONCLUSION

Because the Amended Complaint does not comply with Rule 9(b)'s particularity requirement, defendant's Motion to Dismiss, (Doc. 20), is due to be granted and the Complaint is due to be dismissed with leave for plaintiffs to file a motion to amend their Complaint. An order in accordance will be entered contemporaneously with this Memorandum.

**DONE** this 11th day of June, 2015.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

11