FILED
2016 May-10 PM 02:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES ex rel. RANDI CREIGHTON,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**BEAUTY BASICS INC,** )<br>)<br>**Defendant.** )<br>)<br>) | **Case No.: 2:13-CV-1989-VEH** |

**MEMORANDUM OPINION AND ORDER**

Plaintiff-Relator Randi Creighton seeks the court's permission to file a second amended complaint under the False Claims Act, 31 U.S.C. §§ 3729–33 (FCA), after her first two complaints were dismissed for failure to comply with Rule 9(b). Defendant Beauty Basics, Inc. opposes the motion as futile because, it says, the complaint still fails to satisfy Rule 9(b). The court agrees that amendment would be futile, but for a different reason—non-compliance with Rules 8 and 10. The motion will be **DENIED**.

**I**

"The court should freely give leave [to amend a complaint] when justice so requires," FED. R. CIV. P. 15(a)(2), but "need not" do so "where amendment would be futile." *Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment is futile

where "the complaint as amended is still subject to dismissal." *Hall v. United Insurance Co.*, 367 F.3d 1255, 1263 (11th Cir. 2004). A complaint may be stricken where the legal theories it alleges are "so vague or ambiguous as to render a response difficult." *Starship Enterprises of Atlanta, Inc. v. Coweta County, Ga.*, 708 F.3d 1243, 1250 n. 7 (11th Cir. 2013) (internal quotation marks omitted). Facing such an ambiguous complaint, a district court is obligated to strike it and order repleader lest the court "allow, if not tacitly encourage" a "massive waste of judicial and private resources." *Id.* (citation omitted).

## II

A complaint must be legally, as well as factually, sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although there is not always a bright line between law and facts, a complaint will generally be legally sufficient if the essential elements of a cause of action are pleaded, and it is factually sufficient if the facts alleged, presumed true, plausibly establish that the plaintiff will be able to prove the elements of his claim and thus be entitled to relief. The significance of a particular fact depends on its relationship to the elements of plaintiff's cause of action. *Cf.* FED. R. EVID. 401 (a fact is relevant if it is of consequence in an action).

FED R. CIV. P. 9(b) imposes a heightened pleading standard, requiring that allegations of fraud be described with "particularity." In short, this means that the complaint must describe the who, what, when, where, and how of each element of a fraud

claim, except scienter. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2004). If a complaint's factual sufficiency under Rule 8 is assessed in light of the essential elements of a claim, it follows ineluctably that the heightened factual specificity required by Rule 9(b) should also be assessed in light of the required elements of a claim.

While the elements of a cause of action need not be treated as an incantation, one would think the most efficient way to assess the factual sufficiency of a complaint—especially one that must be examined under a microscope per Rule 9(b)—would be to quickly recite the elements of the plaintiff's claim and then determine whether the necessary details are included. Alas, neither Creighton nor Beauty Basics have discussed the elements of a claim under the False Claims Act. Beauty Basics has instead attempted to point out how this or that factual allegation lacks specificity, and Creighton has replied that this or that allegation is sufficiently specific.

Where the legal theories underpinning a complaint are clear, it may not be a problem to point out this or that allegation and argue that it is insufficient; the gap in the complaint should be obvious. On the other hand, a complaint founded on an unclear legal theory presents a problem of Chicxulub magnitude: the relevance of a given fact is difficult to ascertain. *Cf. Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979

(11th Cir. 2008)[1] (describing clarity and definition in complaints as fundamental premises of the Rules of Civil Procedure). Creighton's complaint presents such a problem, because in a single count, she asserts a violation(s?) of 31 U.S.C. § 3729(a)(1)(A) and (B). These are distinct theories of liability with different elements, so their inclusion in a single count violates Rule 10(b).

Creighton makes no effort to explain how her "facts applicable to all counts" satisfy the elements of her alternative theories; instead, she offers a series of legal conclusions—which do nothing to fortify a complaint against dismissal. Ruling on 9(b) objections seems premature when the plaintiff's legal theory is unknown; evaluating the 9(b) objection would require the district court to examine a range of claims, hypothesize how the facts as alleged might satisfy (or not) each element of every claim, select the theories that have sufficient support under Rule 8, and then re-examine the facts to see whether there is sufficient factual matter to satisfy Rule 9. This would be a tremendous waste of judicial resources, taxpayer money, and come at a great cost to other litigants, especially "those who have no other forum for the vindication of their rights," *Davis*, 516 F.3d at 982, while yielding a windfall (and perhaps ultimately treble damages) to the plaintiff and her counsel.

---

[1] *LaCroix v. Western Dist. of Kentucky*, 627 F. App'x 816 (11th Cir. 2015) suggests that *Davis* was abrogated by *Twombly* and *Iqbal*, although the court of appeals did not explain why.

## III

The court will allow Creighton to file a motion to amend her complaint within seven days of the effective date of the order below, provided she attaches a third amended complaint to the motion. **If she fails to make this filing within this deadline, this case will be dismissed with prejudice.**

Creighton's third amended complaint must comply with Rule 10(b), setting forth each claim for relief in a separate count. Moreover, the complaint must include the who, what, when, where, and how for **each element**, except scienter, of each claim for relief. The previous sentence should be taken **literally**; Creighton's fourth attempt at drafting a complaint would benefit from some structure. The recitation of elements and supporting facts must appear in each count for relief. A general recitation of facts is not prohibited, but incorporating those facts by reference into each count for relief is insufficient. For Creighton's edification, the following is a brief primer on liability under the 2009 amendments to the False Claims Act.

The elements of a claim under 29 U.S.C. § 3729(a)(1)(A) (assuming the claim is presented directly to the government) are: "(1) a false or fraudulent claim; (2) which was presented, or caused to be presented, by the defendant to the United States for payment or approval; (3) with the knowledge that the claim was false." *United States v. R&F Properties of Lake County, Inc.*, 433 F.3d 1349, 1355 (11th Cir. 2005). Although *R&F*

*Properties*, decided in 2005, predates the 2009 amendment to the False Claims Act, the elements of a direct false claim submitted to a government officer were unchanged by that amendment. *See* 1 JOHN T. BOESE, CIVIL FALSE CLAIMS AND QUI TAM ACTIONS § 2.01[B], at 2-28 (4th ed. 2012).

To be liable under subparagraph 3729(a)(1)(B), there must be an underlying violation of subparagraph 3729(a)(1)(A). *Id.* § 2.01[D] at 2-34. To state a claim under subparagraph (b), the relator must allege that 1) the defendant makes, uses, or causes to used or made a record or statement, 2) which is false, 3) with knowledge of its falsity, 4) and the statement is material to the false claim. 31 U.S.C. § 3729(a)(1)(B); BOESE § 2.01[D] at 2-35. "[T]he term 'material' means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property."

Express and implied false certifications do not create independent claims for relief; they are species of false claims. Under either of those theories, "the certification of compliance must be both a prerequisite to obtaining a government benefit and a *sine qua non* of receipt of government funding." *Urquilla-Diaz v. Kaplan University,* 780 F.3d 1039, 1052 (11th Cir. 2015) (citation and internal quotation marks omitted). "Mere regulatory violations do not give rise to a viable FCA action." *Id*.

## IV

The proposed complaint does not comply with Rule 8(a)(2), 8(d), or 10(b).

Amendment would be futile, because the court would immediately strike the amended complaint. The motion is **DENIED**.

    **DONE** and **ORDERED** this 10th day of May, 2016.

                                                  **VIRGINIA EMERSON HOPKINS**
                                                  United States District Judge