# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES ex rel. RANDI CREIGHTON,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **Case No.: 2:13-CV-1989-VEH** ) ) |
| **BEAUTY BASICS INC,** | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

This is Plaintiff-Relator Randi Creighton's fourth attempt at drafting a complaint in this False Claims Act suit and her third failure to follow the court's instructions on how to do so properly. She gets no more do-overs; her motion to amend the complaint will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**.

### STATEMENT OF FACTS

Since this is effectively a motion to dismiss, all of the well-pleaded factual allegations are taken as true. *Franklin v. Curry*, 738 F.3d 1246, 1248 (11th Cir. 2013). Legal conclusions are disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). Defendant Beauty Basics, Inc. ("Beauty Basics") is a "for-profit corporation that

operates a beauty school offering cosmetology, esthiology,[1] and massage programs." (Doc. 44-1, ¶ 1). In 2009, Beauty Basics entered into a Program Participation Agreement ("PPA") with the Department of Education that allowed Beauty Basics, through its Aveda Institute subsidiary, to obtain federal student loans for its students. (*Id.*). As part of the PPA, "Defendant explicitly agreed to meet" certain requirements, including compliance with the "standards of its [Beauty Basics's] accrediting body," *id.*, ¶ 2, both at the time of signing and in the future. (*Id.*, ¶ 11).

Beauty Basics/Aveda was accredited by the "National Accrediting Commission of [Career] Arts and Sciences ('NACCAS')." (*Id.*, ¶ 13). Among other things, NACCAS requires the organizations it accredits to "employ[] instructional staff that is fully qualified . . . [in] compliance with state requirements," to "have a reasonable system of grades," to "evaluate students no later than the midpoint of the academic year or the course of the program," to "always meet eligibility requirements throughout the period of accreditation," and to "notify [NACCAS] within ten (10) days of any event that may jeopardize its continued operation as a licensed accredited school." (*Id.*, ¶ 15–16).

Randi Creighton ("Creighton") enrolled in Aveda's esthiology program "at

---

[1] "[T]he typical Esthiology program incorporates skin care, facials, body treatments, hair removal, makeup application, business development, wellness and retail knowledge." ESTHIOLOGY/SKIN CARE, http://avedu.edu/student-programs/esthiology-skin-care

different times during 2012 and 2013." (*Id.*, ¶ 9). Creighton claims to have observed the following violations of the NACCAS requirements:

> a) Beginning in approximately December of 2012 through July 2013, Defendant failed to provide properly licensed instructors to teach classes enrolled by Relator. This was occurring in both the Esthiology and Cosmetology sections and included all "classes" or "sessions" that the Relator attended in both sections.
>
> b) No teacher whatsoever was provided in early 2013 through July 2013 for all Esthiology and Cosmetology classes.
>
> c) Defendant failed to give grades to Relator from October and/or December of 2012 through July 2013 for all classes in the Esthiology and Cosmetology program.
>
> d) Despite these inadequacies, Defendant provided no information to NACCAS regarding the violations which would render it unaccredited by NACCAS.

(*Id.*, ¶ 17). Laura Michael, Beauty Basics's Financial Aid Manager, and Emily Salillas, its Admissions Director, submitted financial aid applications on behalf of Creighton so that she could receive Stafford loans from the federal government. (*Id.*). Creighton's loan was disbursed on June 12, 2013. (*Id.*). The payment request "represent[ed] certifications that Defendant was in compliance with the terms of the PPA and its accrediting body, the NACCAS." (*Id.*, ¶ 19).

3

**PROCEDURAL HISTORY**

This action, alleging violations of the False Claims Act, 29 U.S.C. §§ 3729-33, was filed on October 29, 2013. The United States declined to intervene on December 6, 2013. On April 28, 2014, Beauty Basics moved to dismiss the complaint for failure to comply with Rule 9(b), and, on February 11, 2015, the district judge to whom this case was then assigned granted the motion to dismiss (although allowing leave to amend). Creighton filed her first amended complaint on March 4, 2015, and Beauty Basics moved to dismiss it—again based on non-compliance with Rule 9(b)—on March 23, 2015. On June 11, 2015, the prior district judge granted that motion to dismiss. That order permitted Creighton to move for leave to file a second amended complaint. Plaintiff sought said leave on July 1, 2015, and Defendant opposed the motion as futile (because the third complaint did not comply with Rule 9(b)) on July 14, 2015.

This matter was reassigned to the undersigned on October 20, 2015. I denied the motion for leave to amend on May 10, 2016 because the complaint did not comply with Rules 8 and 10. That May 10, 2016 order offered Creighton one last chance to seek leave to file a third amended—and fourth total—complaint. She did so on May 17, 2016, and Beauty Basics registered its opposition on May 31, 2016. <u>Creighton has not replied to the opposition.</u>

## GOVERNING LAW

"The court should freely give leave [to amend a complaint] when justice so requires," FED. R. CIV. P. 15(a)(2), but "need not" do so "where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment is futile where "the complaint as amended is still subject to dismissal." *Hall v. United Insurance Co.*, 367 F.3d 1255, 1263 (11th Cir. 2004). To survive a motion to dismiss, a pleading must satisfy Rules 8 and 9 (among others). *See Universal Health Services, Inc. v. United States ex rel. Escobar*, 579 U.S. __, __ (2016) (slip op. at 16 n. 6).

A complaint must be legally, as well as factually, sufficient. *Iqbal*, 556 U.S. at 678 (2009). Although there is not always a bright line between law and facts, a complaint will generally be legally sufficient if the essential elements of a cause of action are pleaded, and it is factually sufficient if the facts alleged, presumed true, plausibly establish that the plaintiff will be able to prove the elements of his claim and thus be entitled to relief. The significance of a particular fact depends on its relationship to the elements of plaintiff's cause of action. *Cf.* FED. R. EVID. 401 (a fact is relevant if it is of consequence in an action).

FED R. CIV. P. 9(b) imposes a heightened pleading standard, requiring that allegations of fraud be described with "particularity." This means "a plaintiff must

5

allege:(1) <u>the precise statements, documents, or misrepresentations made</u>; (2) the time, place, and person responsible for the statement; (3) <u>the content and manner in which these statements misled the Plaintiffs</u>; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (citation and internal quotation marks omitted) (emphasis added). Put more pithily, the complaint must describe the who, what, when, where, and how of each element of a fraud claim, except scienter. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2004). If a complaint's factual sufficiency under Rule 8 is assessed in light of the essential elements of a claim, it follows ineluctably that the heightened factual specificity required by Rule 9(b) should also be assessed in light of the required elements of a claim.

    I offered the following direction to Creighton in drafting her fourth complaint:

> Creighton's third amended complaint must comply with Rule 10(b), setting forth each claim for relief in a separate count. Moreover, the complaint must include the who, what, when, where, and how for **each element**, except scienter, of each claim for relief. The previous sentence should be taken **literally**; Creighton's fourth attempt at drafting a complaint would benefit from some structure. The recitation of elements and supporting facts must appear in each count for relief. A general recitation of facts is not prohibited, but incorporating those facts by reference into each count for relief is insufficient.

(Doc. 43 at 5). She essentially ignored this, although I will analyze each count by

6

element—the logical route. Each claim fails on the first element.

### COUNT I: VIOLATION OF 29 U.S.C. § 3729(a)(1)(A)

The elements of a claim under 29 U.S.C. § 3729(a)(1)(A) are: "(1) a false or fraudulent claim; (2) which was presented, or caused to be presented, by the defendant to the United States for payment or approval; (3) with the knowledge that the claim was false." *United States v. R&F Properties of Lake County, Inc.*, 433 F.3d 1349, 1355 (11th Cir. 2005).

1. "[A] false or fraudulent claim"

    A. <u>Where</u>

    Here, this does not bear on the 9(b) analysis.

    B. <u>Who</u>

    This does not appear in the Count itself, but she alleges in her "Facts Applicable to All Counts" that Laura Michael and Emily Sallias submitted the loan applications.

    C. <u>What</u>

    Creighton claims that "[t]he false claim was filing the loan application stating that the Defendant was in compliance with the PPA including the NACCAS standards despite knowing that it was not in compliance with same." (Doc. 44-1, ¶ 30).

    Even assuming that the description of the alleged fraud contains sufficient

factual matter to satisfy Rule 8, it is too lacking in detail to satisfy Rule 9(b). At no point does Creighton allege in what manner Defendant certified compliance with the NACCAS requirements and/or the Title IV requirements. Instead, the complaint merely says "they expressly certified that the Defendant was eligible to receive Title IV HEA funds." (Doc. 44-1, ¶ 20). This is perhaps a legal conclusion and, if so, is due to be ignored. If not, it is too generalized an allegation to survive a motion to dismiss predicated on Rule 9(b). Was there a box to check? Did they sign an affidavit? Was the "certification" part of a form? The "**precise** statement, document, or misrepresentation," *Cigna Corp.*, 605 F.3d at 1291, as well as its contents, must be alleged; a laconic allegation of the existence of a misrepresentation will not do.

Finally, a note on "implied false certification." Creighton only explicitly claims that Beauty Basics submitted an explicit false certification, but the court will offer a brief word on why the implied false certification theory is not satisfied here, since Creighton has relied on that theory in prior briefing. To plead a false certification, the plaintiff must allege that "first, the claim does not merely request payment, but also makes specific representations about the goods or services provided; and second, the defendant's failure to disclose noncompliance with material statutory, regulatory, or contractual requirements makes those representations misleading half-truths." *Escobar*, 576 U.S. at __ (slip op. at 11). The pleadings do not contain sufficient

factual matter about "specific representations about the goods or services provided" to satisfy the "rigorous," *id.*, standard of materiality for a false representation. Having determined that the "what" of Count I is deficient, there is no need to consider the "when" or "how."

### COUNT II: VIOLATION OF 29 U.S.C. § 3729(a)(1)(B)

To state a claim under subparagraph (B), the relator must allege that 1) the defendant makes, uses, or causes to used or made a record or statement, 2) which is false, 3) with knowledge of its falsity, 4) and the statement is material to the false claim. 31 U.S.C. § 3729(a)(1)(B); 1 JOHN T. BOESE, CIVIL FALSE CLAIMS AND QUI TAM ACTIONS § 2.01[D], at 2-35. Creighton describes the record or statement as thus: "[o]n or before June 12, 2013, the Defendant made a record and/or false statement by filing for payment a loan request for the Relator," doc. 44-1 at 39, and "claim[ed] to be in compliance with NACCAS standards." (*Id.*, ¶ 40).

It is abundantly clear that the act alleged to violate section 3729(a)(1)(A)—the submission of a loan request—is pulling double duty as the conduct alleged to violate 3729(a)(1)(B). Accordingly, the 9(b) analysis applies with equal force to Count II as Count I, so Count II also fails to satisfy Rule 9(b).

## IV

The proposed complaint does not comply with Rule 9(b). Amendment would be futile, because the amended complaint would not survive a motion to dismiss. The motion is **DENIED**. This action is **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** this 28th day of June, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge